OPINION
Walter Maken appeals from his conviction in the Kettering Municipal Court of Resisting Arrest in violation of R.C. 2921.33. The trial court sentenced Maken to ninety days in jail and a $750 fine, and then suspended eighty days of the sentence and $500 of the fine on the condition Maken comply with the terms of his probation. He was given credit for three days already served in jail.
Maken has not provided this court with a transcript of the bench trial conducted in the trial court. Maken has not provided any substitute for that transcript as contemplated by App.R. 9.
In his first assignment of error, Maken contends the trial court lacked subject matter jurisdiction to try him because he was arrested based on an invalid bench warrant. In his second assignment, he contends his prosecution was based on plain errors by the Kettering Police Department and the Montgomery County Sheriff's Department. In his third assignment, Maken contends he was improperly arraigned. In his fourth assignment, he contends he did not sign a proper waiver of counsel. In his fifth assignment, he contends the trial court erred in refusing to order the prosecution to provide him a bill of particulars. In his sixth assignment, Maken contends the terms of his probation are "void for vagueness." In his seventh assignment of error, he contends the trial court erred in declaring him a "pro se" litigant, rather he was proceeding "in propria persona." Lastly, he contends the trial court erred in failing to insure that he received a jury trial.
The first two assignments of error are overruled because Maken cannot portray the errors assigned in the absence of a transcript or a proper substitute record as contemplated by App.R. 9.
In his third assignment, Maken contends he was improperly arraigned. Maken has filed with this court a transcript of his arraignment on September 16, 1998. We have examined the arraignment, and we find nothing irregular about it.
In his fourth assignment, Maken contends he did not sign a proper waiver of counsel. The following occurred at Maken's arraignment.
 COURT: All right. Are you in a position to hire an attorney Mr. Maken?
 MR. MAKEN: Well, I have the right to have counsel of my choice and I've been denied that opportunity.
 COURT: Do you wish the Court to appoint you an attorney Mr. Maken?
 MR. MAKEN: No, sir, with all due respect I wish to have the opportunity to make arrangements to have counsel of my own choice.
COURT: And, who is that sir?
 MR. MAKEN: I'll need to make a call. His name is James Robert Davis.
COURT: And, is Mr. Davis an attorney at law?
 MR. MAKEN: Due process of law, sir, to my understanding allows me to have counsel of my choice.
 COURT: Well you can talk to him, okay? Court will enter a plea of not guilty on behalf of Defendant, order this matter assigned and scheduled for trial. Order that bond continue in the sum of $2,500. If you do decide that you wish the Court to appoint an attorney to represent you sir, make certain that you advise us and we'll do so. Otherwise it will be your responsibility to make arrangements.
 MR. MAKEN: Sir, will I have the opportunity to call, to make arrangements for counsel of my choice?
 COURT: You'll be given an opportunity to make a phone call, sir. After that, it's up to you.
Crim.R. 44(B) provides, in pertinent part, that when a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless he knowingly and voluntarily waives counsel. In serious offenses, the waiver shall be in writing. Crim.R. 44(C).
In this case, Maken informed the court he would make his own arrangements for counsel. Maken did not tell the court that he was unable to afford counsel. Accordingly, Crim.R. 44 has no application to this case.
The defendant's trial was originally set for September 23, 1998, but was continued at Maken's request to October 23, 1998. Maken again secured another continuance on October 13, 1998, and the trial was set for November 16, 1998. Maken sought another continuance on November 5, 1998, which was overruled by the trial court, and the trial proceeded on November 16, 1998. Maken did not suggest in any of his continuance motions that he was having difficulty securing legal counsel. The appellant's fourth assignment is overruled.
In his fifth assignment, Maken contends the trial court erred in not requiring the prosecutor to provide him with a bill of particulars. We agree with the State that the trial court properly overruled Maken's request, as it was untimely. Maken was arraigned on September 16, 1998, and he filed his motion for the bill of particulars on October 21, 1998. Crim.R. 7(E) requires that motions for a bill of particulars be filed within twenty-one days of the arraignment. The fifth assignment of error is likewise overruled.
In his sixth assignment, Maken contends the terms of his court ordered probation are "void for vagueness." We have examined the probation terms, and we do find that a portion of one of the terms of his probation is void for vagueness. The two terms of Maken's unsupervised probation are (1) have no further violations of law and be of general goodbehavior and (2) not to own, possess or carry any weapon of any kind during the period of probation.
We will narrowly construe the first term to require that Maken violate a law to be in violation of his probation. We agree the terms "to be of general good behavior" to be too vague to be properly enforced as a term of probation. In all other respects, the assignment of error is overruled.
In his seventh assignment, Maken contends the trial court committed prejudicial error in declaring him a "pro se" litigant as opposed to his "in propria persona" status which he has declared for himself. Assuming the trial court erred in this request, we fail to see any prejudice inuring to Maken because of the trial court's action. This assignment of error is overruled.
In his last assignment, Maken contends the trial court erred in denying him a jury trial. The State points out that Maken did not make a request for a jury trial as required by Crim.R. 23, and thus he "waived" his right to a jury trial. We agree that Maken did not request a jury trial within ten days of his continued trial date. It is also clear from reading the arraignment and the docket and journal entries that Maken was not advised of his right to a jury trial and "the necessity to make demand therefore in petty offense cases" as required by Crim.R. 5. The trial court's failure to comply with Crim.R. 5 was prejudicial to Maken's right to a jury trial. See State v. Garris (1998), 128 Ohio App.3d 126.
The appellant's eighth assignment of error is sustained.
The judgment of the trial court is reversed and remanded for a new trial.
WOLFF, J., and YOUNG, J., concur.